**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P590-H**

**BUFORD W. FISHBACK, JR.**                                                                  **PLAINTIFF**

**v.**

**LILLIE BOYER**                                                                                           **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Buford W. Fishback, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Lillie Boyer defrauded him of his property by violating a "constructive trust." As relief, he seeks the return of his property and compensation of "at least $100,000 in addition for her abusing me."

While the complaint is scant in the way of facts, Plaintiff's motion to recover property, which he filed with his complaint, contains additional information. Particularly, he reports that Defendant Boyer "promised and committed in front of at least four witness[es] that she would as a friend to the family of the [Plaintiff] hold his property for him for a period of (12) twelve years while [he] did time in a correctional facility." Plaintiff then turned the deed over to Defendant Boyer, who purportedly promised to pay the mortgage each month and to maintain the property, which contained everything that Plaintiff owned. According to Plaintiff, however, Defendant "had since changed her mind and has gotten quite comfortable in his property and now refuse's to give it back." Plaintiff reports that Defendant has also "become rude and threatening, and has breached their verbal agreement/constructive trust agreement leaving [Plaintiff] homeless and destitute."[1]

---

[1] At the time the complaint and motion to recover property were filed, Plaintiff was incarcerated in the Meade County Detention Center, but he has since been released from custody and is living in Louisville, Kentucky.

## I. <u>STANDARD OF REVIEW</u>

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

### A. 42 U.S.C. § 1983

Plaintiff filed the first page of his complaint on a form used for filing a prisoner civil rights complaint under 42 U.S.C. § 1983. Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, Plaintiff meets neither prong. He fails to allege the deprivation of any *federal* statutory or constitutional right but appears to allege only *state-law* claims. Additionally, he sues a friend of the family, a private actor, whose actions have in no way been shown to be "fairly attributable" to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Accordingly, Plaintiff has failed to state a cognizable § 1983 claim.

**B. <u>State-law claims</u>**

Plaintiff effectively alleges state-law claims of fraud and breach of contract. Having dismissed the federal § 1983 claim, the Court declines to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Further, the Court is without jurisdiction to consider Plaintiff's state-law claims under the diversity statute, *see* 28 U.S.C. § 1332, as Plaintiff has failed to demonstrate that he and Defendant Boyer are citizens of a State other than Kentucky, where he indicates they both reside. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

For the foregoing reasons, the Court will dismiss the action and deny the motion for return of property.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
4412.005